UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRACY L. STANDIFER,

        Plaintiff,

v.                                  Case No. 20-cv-2005-HLT-TJJ

CITY OF ELWOOD, et al.,

        Defendants.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND ORDER TO SHOW CAUSE**

**TO THE PLAINTIFF:**

Plaintiff commenced this civil rights action pro se on January 3, 2020 by filing a Complaint (ECF No. 1) alleging several actions by elected officials, the City Manager, and the Chief of Police of Elwood, Kansas violated his rights in various ways. This matter comes before the Court on Plaintiff's Amended Motion to Proceed without Prepayment of Fees (ECF No. 5).[1] Under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show he or she is

---

[1] The undersigned Magistrate Judge recommended denial of Plaintiff's original Motion to Proceed without Prepayment of Fees (ECF No. 3). *See* Report and Recommendation (ECF No. 5). Plaintiff filed this Amended Motion and District Judge Holly L. Teeter found both his original Motion and the Report and Recommendation moot in light of the amendment.

1

financially unable to pay the required filing fee.[2] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[3]

Based on the information provided in his financial affidavit, Plaintiff has shown a financial inability to pay the required filing fees. Plaintiff is not currently employed but receives monthly Social Security and other government benefits, and he reports no other income. His reported monthly expenses match or slightly exceed his income. The Court will therefore grant Plaintiff's Motion to Proceed Without Prepayment of Fees pursuant to 28 U.S.C. § 1915(a)(1).

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[4] While such review may occur at any time and the Court is not obligated to conduct the review before service of process,[5] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[6]

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to

---

[2] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court . . . to pay a filing fee . . . .").

[3] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993) (Section 1915 gives a district court discretion with respect to granting *in forma pauperis* status).

[4] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that district courts may dismiss action without service of process through screening process of § 1915(e)).

[4] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[5] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

relief above the speculative level."[7] Because Plaintiff proceeds pro se, his pleadings are liberally construed.[8] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[9]

In his complaint, Plaintiff describes several encounters he had with various city officials and police officers between November 1994 and January 2003, which he describes as a pattern and practice of failures on the officials' part to abide by their oaths of office by treating him in a racially discriminatory manner. He also contends that in March 2017, he contacted Elwood Police Chief Hunsaker to inform him of threats others had made to him, his wife, and his property. Plaintiff had recorded the threats, which apparently he heard over a CB radio, and he offered the recordings to Defendant Hunsaker. After listening to them, Defendant Hunsaker returned the recordings to Plaintiff. Although Defendant Hunsaker said he would assign extra patrols to the area of Plaintiff's home, he offered to do nothing more and made no referral to the KBI or FBI at the time. Neither did the City Manager, Mayor, or City Council members take any action on Plaintiff's complaint, although Plaintiff does not state whether he made a complaint to anyone other than Defendant Hunsaker. When the matter later was referred to the FBI, a year-long investigation followed. Plaintiff asserts the inaction by Defendants, as contrasted to the FBI's investigation, reflects their condoning racial injustice, racial hate, and racial unrest.

Although Plaintiff filed the complaint, he asserts these allegations are brought against Defendants by the United States of America under the Violent Crime Control and Law

---

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Id.*

Enforcement Act of 1994, 42 U.S.C. § 14141, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Plaintiff states as follows:

> Under Section 14141, the United States is authorized to bring suit against a state or local government for equitable and declaratory relief in order to remedy a pattern or practice of conduct by law enforcement officers that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or federal law. The United States is authorized to enforce Title VI, which, together with relevant implementing regulations, prohibits discrimination on the basis of race, color, or national origin by agencies receiving federal funds or federal financial assistance.[10]

Plaintiff also describes a ticket he received in July 2019, apparently for an alleged violation of a city ordinance related to property maintenance. He appeared in court where the matter was continued a few times until his last appearance, when it was dismissed. Plaintiff alleges he was denied his Sixth Amendment rights because he was unable to learn who accused him of the violation. He asserts he is authorized to bring suit against the City of Elwood under the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141.

Plaintiff apparently attempts to assert a claim on behalf of the United States when the United States is not a party to this action. However, there is no basis to support a finding that Plaintiff has standing to assert claims on behalf of the United States.

Plaintiff's claimed violation of his rights under the Sixth Amendment does not appear to state a claim. Although Plaintiff asserts he was unable to learn who accused him of the municipal violation, the protection afforded by the Sixth Amendment is to cross-examine witnesses.[11] According to the complaint, no witnesses appeared. Nor were the proceedings a criminal prosecution, which is the setting in which the Sixth Amendment applies.

---

[10] Compl. (ECF No. 1) at 6.

[11] U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.").

Moreover, it appears that Plaintiff has filed this action after the applicable statute of limitations has expired for at least some of the alleged violations. Because Congress has not enacted a statute of limitations expressly applicable to Title VI, the courts have applied personal injury limitations periods from state law.[12] In this district, a two-year statute of limitations applies to civil rights actions.[13] Because Plaintiff did not file his complaint until January 3, 2020, claims for actions that occurred before January 3, 2018 would be barred by the applicable statute of limitations.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Motion to Proceed Without Prepayment of Fees (ECF No. 5) is hereby granted, but the Court withholds service of process pending § 1915 review following receipt of a response by Plaintiff to the Order to Show Cause set forth below.

**IT IS FURTHER ORDERED** that Plaintiff is hereby required to show good cause in writing to the Honorable Holly L. Teeter, United States District Judge, on or before **March 5, 2020**, why this action should not be dismissed for failure to state a claim on which relief can be granted and/or for failure to file his complaint within the statutory limitations period.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, this 12th day of February, 2020.

                                                                                    Teresa J. James
                                                                                    U. S. Magistrate Judge

---

[12] *E.g., Robbins v. DePaul University*, No. 13 C 06276, 2014 WL 7403381, at *2 (N.D. Ill. Dec. 29, 2014).

[13] *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir. 1993). The applicable statute of limitations is K.S.A. 60-513(a)(4), which requires "[a]n action for injury to the rights of another, not arising on contract, and not herein enumerated" to be brought within two years.